## SUPERIOR COURT

Ida De Grade  
vs. } No.1405  
David La Coste  

RESCRIPT  
January 5, 1925

CAPOTOSTO, J. The plaintiff, who brought suit to recover damages for injuries alleged to have been suffered by her by reason of the negligent operation of an automobile by the defendant, received a verdict of $3000 from the jury. The defendant moves for a new trial upon the usual grounds.

The case arose out of an accident which occurred about 11 o'clock in the morning of the 21st of Otcober, 1923, on the Cumberland Hill road The day was clear and the road was dry. The automobile in which the plaintiff was a passenger was brought to a stop at the right hand side of the road going towards Woonsocket in an uninhabitated locality. The plaintiff and a lady companion alighted to cross the street for personal reasons.

The plaintiff testified, in substance, that on alighting from the automobile she looked both ways for approaching cars and that, seeing none, she began to cross the highway in a diagonal direction facing in the general direction of Pawtucket, and proceeded at an ordinary rate of speed; that she had reached within a few feet of the opposite edge of the macadem road when she, without any warning, was struck by the defendant's automobile, which was coming from the direction of Woonsocket. All the other occupants of the plaintiff's car did not see the defendant's automobile until at the time of or shortly before the accident, with the exception of one Ovid Salvao, who said that when he first noticed the defendant's car it was then seven or eight telephone poles away and that

when the plaintiff was pretty near across the road this car was some fifty or one hundred feet away from the plaintiff and approaching the plaintiff at a fast rate of speed.

The estimated average distance between telephone poles is about 130 feet; the distance measured on an automobile speedometer between the eight poles in question is two-tenths of a mile or 1056 feet. From where the plaintiff's automobile was parked there was an unobstructed view of a straight road towards Woonsocket for considerably more than 1056 feet.

The defendant and his witnesses contended that the plaintiff came around the rear of the car in which she had been riding and ran into the defendant's car, causing her to be struck and injured.

The drivers and occupants of both cars were produced as witnesses and their testimony followed the general lines indicated. The only disinterested witness on either side was one Willard E. Matteson, called by the defendant, who testified that while he, in company with his wife and three children, was proceeding in his automobile in the direction of Woonsocket, he saw the plaintiff run around the rear of the parked automobile which was directly in front of him diagonally across the road; that at that time the defendant's car, which was approaching from the opposite direction at a rate of speed between twenty to twenty-five miles an hour, was practically opposite the car that was parked; that the defendant's car was swung hard to the defendant's right and then to the left to avoid striking the plaintiff, and that the plaintiff, while apparently observing the car of the witness, failed to see the defendant's car, and, while running, struck the defendant's rear mudguard.

The testimony of Mr. Matteson, a substantial business man, who had occasion and opportunity to observe what happened, can not be overlooked. His evidence corroborates the testimony of the defendant and the other occupants of the defendant's car in its most important aspects. While minor variations may be fine-combed from the evidence of the various witnesses, yet upon the whole testimony the outstanding picture is that of a young lady dashing from behind a parked automobile across a travelled road without taking any precautions for her own safety just before going across a path of possible danger. From a careful review of the evidence, considered in the light of the appearance and demeanor of the various witnesses while testifying, I am of the opinion not only that the evidence fails to show that the defendant was negligent, but also that the plaintiff herself was not in the exercise of such care and caution as a reasonably prudent person would have exercised at that time and place. The verdict of the jury as viewed by this court does not do justice between the parties.

Motion for new trial granted.

For Plaintiff: Quinn & Kernan.

For Defendant: Hinckley, Allen, Tillinghast & Phillips.